**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES P. COLETTA, | |
| Plaintiff, | Civil Action No. 06-585 (MLC) |
| v. | |
| BOARD OF FREEHOLDERS, et al., | **O P I N I O N** |
| Defendants. | |

**APPEARANCES:**

James P. Coletta, Pro Se
#480767/794852B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**COOPER, District Judge**

This matter comes before the Court on plaintiff James P. Coletta's application for the appointment of pro bono counsel in the above-referenced civil rights case (docket entry 4). For the following reasons, the Court will deny the motion, without prejudice.

### BACKGROUND

The plaintiff has submitted a civil rights complaint, alleging a conditions of confinement claim and a denial of medical care claim in violation of the Eighth Amendment to the United States Constitution. The plaintiff states that he is in

need of an appointed attorney because of the complexity of his case, his inability to investigate, and because he feels he has a meritorious claim.  The defendants have not yet been served with the instant complaint.

## DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court sua sponte.  See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of plaintiff's claim to determine if it has "some arguable merit in fact and law."  See Tunnell v. Gardell, 2003 WL 1463394 at *1 (D. Del. Mar. 14, 2003) (citing Parham, 126 F.3d at 457)(other citations omitted).  If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined:  (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a

2

plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

The plaintiff's complaint here was recently filed, and the defendants have not yet been served. While it appears from the face of the complaint that the plaintiff's claims could possibly have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Chatterjee v. Phila. Federation of Teachers, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, the plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Also, in the case at issue, the Court finds that the plaintiff is

capable of presenting his claims at this early stage. He has presented to this Court without the assistance of counsel not only a Complaint, but also the instant motion for appointment of counsel, and a motion to proceed in forma pauperis. The Court recognizes that issues may arise in the course of this litigation which may raise a question as to plaintiff's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, the plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the foregoing reasons, the plaintiff's application for appointment of pro bono counsel will be denied, without prejudice to the plaintiff renewing his motion as the litigation proceeds. An appropriate Order will be issued.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge