```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JAMES P. COLETTA, | : | CIVIL ACTION NO. 06-585 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| BOARD OF FREEHOLDERS, et al., | : | |
| Defendants. | : | |

**THE COURT** having ordered the parties to show cause why the Court should not (1) grant judgment in favor of the defendant Dr. Robert Closkey on the federal claims asserted against him, and (2) decline to exercise supplemental jurisdiction over the state law claims asserted against all of the defendants, and dismiss them without prejudice to reinstate in state court (dkt. entry no. 83, 1-12-07 Order to Show Cause ("OTSC")); and the Court, in a memorandum opinion, and order and judgment, both dated January 12, 2007, entering judgment in favor of the defendants Board of Chosen Freeholders, William L. Polhemus, Theodore Hutler, Marianne McCormick, R.N., Prison Health Services ("PHS"), and Dr. Yu ("Summary Judgment Movants") on all claims asserted against them under federal law (see dkt. entry no. 81, 1-12-07 Mem. Op., at 14-20; dkt. entry no. 82, 1-12-07 Order & Judgment); and it appearing that the reasoning underlying the grant of judgment in favor of the Summary Judgment Movants applies equally to Closkey, as the facts and law supporting the federal claims asserted

against Closkey are identical to those asserted against McCormick, PHS, and Yu (1-12-07 Mem. Op., at 14-17); and it appearing that if judgment were to be granted in Closkey's favor on the federal claims asserted against him, then only the state law claims asserted against all of the defendants would remain here; and the Court thus advising the parties of the intention to decline to exercise supplemental jurisdiction over the state law claims, and dismiss them without prejudice to reinstate in state court (OTSC, at 1-2), see 28 U.S.C. § 1367(c)(3), Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999); and

**CLOSKEY** requesting that judgment be entered in his favor on the federal claims asserted against him, and not objecting to the Court's intention to decline to exercise supplemental jurisdiction over the state law claims asserted against him (dkt. entry no. 85, 1-19-07 Resp.); and the Summary Judgment Movants not objecting to the Court's intention to decline to exercise supplemental jurisdiction over the state law claims asserted against them (dkt. entry no. 84, 1-15-07 Resp.; dkt. entry no. 87, 2-2-07 Resp.); and

**THE COURT** having mailed copies of the memorandum opinion, order and judgment, and order to show cause at issue here to the plaintiff at the address that he provided at South Woods State Prison; and that mail having been returned to the Court on January 23, 2007, by the United States Postal Service as

undeliverable, and with the notations "Return to Sender" and "No Longer In Custody" (dkt. entry no. 86); and the plaintiff failing to respond to the order to show cause or to contact the Court thereafter;[1] and it appearing that litigants, pursuant to Local Civil Rule 10.1(a), must inform the Court of (1) their address, and (2) any changes in the same within five days; and it appearing further that the plaintiff has failed to comply with this basic requirement; and

**THE COURT** thus intending to (1) grant the order to show cause, (2) grant judgment in favor Closkey on the federal claims asserted against him, and (3) dismiss the state law claims asserted against all of the defendants without prejudice to reinstate in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

---

[1] It appears that the plaintiff is no longer incarcerated at South Woods State Prison. See http://www.state.nj.us/corrections (offender search).